IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

MELISA ARBINO,

                Plaintiff,        Case No. 3:06 CV 40010

   -vs-

                                    MEMORANDUM OPINION

JOHNSON & JOHNSON, et al.,

                Defendant.

KATZ, J.

This matter is before the Court on Plaintiff's motion for partial summary judgment (Doc. No. 3), Defendant's motions to strike (Doc. Nos. 6 and 13) and motion for extension of time (Doc. No. 7). Also before the Court are the parties' responses thereto. For the reasons stated below, it is this Court's view that the issue raised in the Plaintiff's Ninth Cause of Action should be certified to the Ohio Supreme Court.

## MOTION FOR CERTIFICATION

*A. Standard*

The Supreme Court of Ohio may answer a question of law certified to it by a United States Court pursuant to Ohio S. Ct. Prac. R. XVIII[1]. *See also, Metz v. Unizan Bank,* 416 F.Supp.2d 568, 574 (N.D. Ohio 2006). A federal court may certify a state-law issue absent a request from the parties, *Elkins v. Moreno*, 435 U.S. 647, 662 (1978), to address "the problem of authoritatively

---

[1] "The Supreme Court may answer a question of law certified to it by a court of the United States. This rule may be invoked when the certifying court, in a proceeding before it, determines there is a question of Ohio law that may be determinative of the proceeding and for which there is no controlling precedent in the decisions of this Supreme Court, and issues a certification order." S. Ct. Prac. R. XVIII, § 1.

determining unresolved state law involved in federal litigation," *Clay v. Sun Ins. Office Ltd.,* 363 U.S. 207, 212 (1960). Certification "avoids the hazards of attempting to forecast" how a state court might rule, and "saves time, energy, and resources and helps build a cooperative judicial federalism." *Arizonans for Official English v. Ariz.,* 520 U.S. 43, 77 (1997) (*per curiam*) (citations omitted). The Ohio Supreme Court has stated, "the purpose of certification is to apply the same rules of state law to litigants in federal court as would apply in state court." *Scott v. Bank One Trust Co., N.A.,* 577 N.E.2d 1077, 1082 (Ohio 1991) (*per curiam*).

A federal court's decision to certify questions of law to a state supreme court "rests in the sound discretion of the federal court." *Lehman Brothers v. Schein,* 416 U.S. 386, 391 (1974). The Supreme Court has cautioned that questions of state law be novel and unsettled before federal courts may "avail themselves of state certification procedures." *Arizonans,* 520 U.S. at 79. The Court further cautioned that the certification procedure is not designed to allow a party to seek to persuade the state court to change what appears to be present law, "federal courts will not certify a question to which the answer is in no real doubt." *Id.*

Moreover, "[w]arnings against premature adjudication of constitutional questions bear heightened attention when a federal court is asked to invalidate a State's law, for the federal tribunal risks friction-generating error when it endeavors to construe a novel state Act not yet reviewed by the State's highest court." *Id.* Therefore, taking advantage of certification to a state court may "greatly simplify an ultimate adjudication in federal court." *Id.*

*B. Discussion*

This action is one of many contained in the multidistrict litigation currently pending before this Court. *See In re Ortho Evra Products Liability Litigation*, Case No. 1:06 CV 40000 (MDL

1742). As of this date, there are presently 118 civil actions which have been transferred by the Judicial Panel on Multidistrict Litigation. Of those actions, 20 originated in Ohio federal courts.

In Plaintiff's First Amended Complaint, she seeks a declaratory relief regarding the constitutionality of Senate Bill 80 under both the United States Constitution and the Ohio Constitution. (Amend. Compl. at pp. 14-18.)

In her motion for partial summary judgment, Plaintiff "seeks a declaration that the Ohio legislature's latest package of restrictions on tort actions, Amended Substitute Senate Bill 80, 2004 Ohio Laws ("S.B. 80"), violates the Ohio Constitution as did its predecessor legislation, a substantially similar package invalidated by the Ohio Supreme Court in 1999." (Pltf's Mot. at p. 1.) The Plaintiff reiterates her request in her conclusion as follows: "For the foregoing reasons, the plaintiff respectfully requests partial summary judgment on her Ninth Cause of Action, in the form of a declaration that S.B. 80 in its entirety violates the Ohio Constitution." (*Id.* at p.20.)

In response to Plaintiff's motion, the Defendant requests this Court abstain from an adjudication on the aforementioned issues and requests certification to the Ohio Supreme Court. The Plaintiff's opposition to abstention and certification is also before the Court. The State of Ohio, as a Plaintiff/Intervenor, opposes Plaintiff's motion and further opposes certification as it contends the issues are not ripe for adjudication.

As the Plaintiff correctly notes in her motion for partial summary judgment, the Ohio Supreme Court ruled on similar tort-reform legislation, that contained in Amended Substitute House Bill 350, and deemed it unconstitutional in *State ex rel. Ohio Academy of Trial Lawyers v. Sheward,* 86 Ohio St.3d 451, 715 N.E.2d 1062 (1999). In April 2005, Amended Substitute Senate Bill 80, a modified version of S.B. 350, became effective and in September 2005, Plaintiff

amended her complaint herein to include a declaratory cause of action challenging its constitutionality.   To date, the Ohio Supreme Court has not had occasion to consider the constitutionality of S.B. 80.

On the issue of ripeness, the Court is of the view that Plaintiff's declaratory claim is ripe as it implicates the financial impact upon both parties.  It also negatively impacts any settlement efforts in this litigation.   Therefore, the parties' arguments to the contrary on this issue are not persuasive.

The certification process allows a federal court to seek a state's highest court's construction of a statute as opposed to advancing its own interpretation.   "State certification procedures are a very desirable means by which a federal court may ascertain an undecided point of state law, especially where . . . the question may be certified directly to the court of last resort within the State." *Lehman Brothers v. Schein,* 416 U.S. at 394.   With this litigation still fairly new, the better course is to implement the certification process as it will eliminate the possibility of conflicting rulings.   In this instance, the additional time and efforts involved in certification outweighs the risk and uncertainty of conflicting rulings down the road.  This is especially important to the other MDL cases involving Ohio plaintiffs.  Therefore, the Court, in its discretion, finds the issue raised by Plaintiff in her motion for partial summary judgment to be an appropriate subject for certification to the Ohio Supreme Court.

## CONCLUSION

Accordingly, the Defendant's motion to strike Plaintiff's motion for partial summary judgment (Doc. No 6) is denied and Defendant's motion to abstain from and certify the issue to the Ohio Supreme Court (Doc. No. 6) is granted.  Defendant's motion for an extension of time

(Doc. No. 7) and motion to strike declaration (Doc. No. 13) are denied as moot. Plaintiff's motion for partial summary judgment is held in abeyance pending completion of the certification process and a determination by the Ohio Supreme Court. An order of certification to issue contemporaneously.

     IT IS SO ORDERED.

                                                          s/ *David A. Katz*
                                                      DAVID A. KATZ
                                                      U. S. DISTRICT JUDGE